O'HARA, Plaintiff-Appellee, v. REPUBLIC STEEL CORPORATION, Defendant-Appellant.

Ohio Appeals, Seventh District, Mahoning County.

No. 3632. Decided March 24, 1954.

Traxler & Beil, Youngstown, for plaintiff-appellee.
Harrington, Huxley & Smith, Youngstown, for defendant-appellant.

## OPINION

By PHILLIPS, J.

Defendant, a corporation, appeals to this court on questions of law from a judgment of the court of common pleas entered upon a jury verdict returned for plaintiff in her action on appeal thereto from a decision for defendant made by the Industrial Commission of Ohio, on rehearing of plaintiff's claim of right to participate in the Workmen's Compensation Fund of Ohio because of the death of her husband, Michael O'Hara, upon whom she was wholly dependent for support at the time of his death, at which time he was employed by defendant.

Decedent, Michael O'Hara, was burned on his left lower leg on September 21, 1945, while engaged in performing his regular duties as defendant's employee. He received first aid at defendant's hospital, worked until his regular quitting hour, and also the next day. He returned to work next on January 6, 1946, when he reported off duty on account of grip and bronchitis. Between the date of injury, which it was stipulated was a third degree burn, and January 6, 1946, he was under the care of defendant's medical staff. He never returned to work after October 31, 1946, became bedfast in December 1947, developed uremic poisoning on August 1, 1949, and died from that condition on August 21, 1949.

As stated by defendant's counsel by brief:—

"The issue in this appeal is very simple. The primary question presented is, whether or not the evidence sufficiently supports a jury verdict finding, that the death of Michael O'Hara on August 21, 1949 was caused by the burn which he received September 21, 1945 nearly four years earlier. It is the contention of the defendant that the evidence does not meet the burden of proof on this issue, which the law places on the plaintiff and that accordingly, the trial court should have directed a verdict for the defendant denying this claim as did the Industrial Commission."

Notwithstanding defendant assigned numerous grounds of error, in view of its statement of the question presented, and the statement of its counsel in open court that it relied solely upon the urged errors, and since it has assigned no error other than that "the trial court should have directed a verdict for the defendant denying this claim, as did the Industrial Commission," and that the verdict is against the manifest weight of the evidence, those are the only questions we shall determine in this appeal.

Three medical witnesses of the parties based their opinions as experts on the issue of causal connection upon the findings of decedent's attending physician, who alone testified as to his condition, progress or lack of progress, and cause of death, and who testified:

"Q. That is, five years before his death you had been seeing him?

"A. I would think so.

"Q. Doctor, during that time, and the times you examined him, can you recall any of the findings of your examination?

"A. Yes, I do. Mr. O'Hara had a malignant hypertention, and went through the sequels of such an affection. By that I mean he had successive cerebral accidents, small hemorrhages probably in the brain, with resulting increasing degree of paralysis and spasticity, and later on he terminally died of a suppression of urine due to kidney failure, and died in the condition known as uremia."

One of plaintiff's expert witnesses testified inter alia:

"The decedent died from kidney failure in this case, uremia. It is my opinion that the burns, with their deleterious effect upon the kidney, liver and blood vessels, aggravated or accentuated the underlying causes of hypertension, and the hypertension itself, that is, its manifestation, and hastened the death of the decedent by its toxic effect on the kidney, also. The burns, such as described in this hypothetical ques-

510

tion, can, and do cause damage to the capillaries in the kidneys, and kidney failure, complicating hypertension, does occur, and will hasten the death of the decedent, as, in my opinion, occurred in this case."

Conflicting and unworthy and impossible of belief, as counsel for defendant contends such testimony is, yet it is the testimony of an expert given under oath, and in view of evidence that plaintiff's decedent's burn had not healed at the time of his death, neither the trial judge nor we can say as a matter of law that it does not furnish "a reasonable basis for sustaining his (plaintiff's) claim"; nor that the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, and that accordingly "he (plaintiff) fails to sustain the burden of such issue" as the Supreme Court has held in **Gerich v. Republic Steel Corp., 153 Oh St 463**, cited by defendant.

Since such testimony conflicts with the testimony of defendant's expert witness that "death would follow shortly after the burn, if it was sufficient to damage the kidneys," and "within a few weeks if the burn had been sufficient to aggravate decedent's hypertension" clearly a question was presented for the determination of the jury, thus freeing the trial judge of the charge of erroneously failing to direct a verdict for the defendant "denying this claim as did the Industrial Commission"; and we do not find that the verdict of the jury and judgment entered thereon are against the manifest weight of the evidence.

Finding no error of the trial judge in the respects argued we are compelled to affirm the judgment of the trial court.

GRIFFITH, PJ, and NICHOLS, J, concur.